# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANGEL MAYAN,

          Plaintiff,

          v.                                                                                 Case No. 08-C-0618

ADMINISTRATOR WAUPUN CORRECTIONAL INSTITUTION,
MICHAEL THURMER, BELINDA SCHRUBBE and JOHN DOE,

          Defendants.

## DECISION AND ORDER

      The plaintiff, Angel Mayan, who is incarcerated at Waupun Correctional Institution (WCI), filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

      The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. *Id.* The court then assesses and, when funds exist, collects from the plaintiff at the time

the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]  *Id.*

In this case, the plaintiff's motion for leave to proceed *in forma pauperis* will be granted.  The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint.  The court determined that the prisoner lacked the funds to pay an initial partial filing fee.  28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  "Malicious," although sometimes treated as a

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).

synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## COMPLAINT AVERMENTS

According to the complaint, the plaintiff was denied his sensitive toothpaste when he was transferred to a segregation unit. The plaintiff wrote a letter to the warden in October 2007 asking to have his sensitive toothpaste in segregation. The warden consulted with the dentist, Dr. Luedke, and indicated there was nothing in the plaintiff's file indicating a need for sensitive toothpaste. Following a letter to Dr. Luedke from the plaintiff, the dentist ordered sensitive toothpaste for the plaintiff. The plaintiff asserts that he wrote to Belinda Schrubbe asking for his sensitive toothpaste, but the plaintiff did not receive it. The plaintiff alleges that after a month he was told to buy his own toothpaste from the canteen, but he avers that he could not because he did not have funds available and sensitive toothpaste is not available to inmates in segregation.

On December 4, 2007, the plaintiff saw the dentist from Fox Lake Correctional Institution, who was filling in for Dr. Luedke. The plaintiff asserts that as he walked in the visiting dentist told him he was not going to order any toothpaste and the only thing he would do is pull the plaintiff's teeth out. The plaintiff believes these orders came from defendant Schrubbe because defendant John Doe refused to order the sensitive toothpaste even before looking at the plaintiff's teeth or taking x-rays. The plaintiff consulted with the dentist for a few minutes, and the dentist ordered x-rays. The plaintiff alleges that x-rays were only taken of his back teeth, not all of his teeth. He asserts that the assistant told him the dentist only ordered x-rays of the back teeth. Upon further consultation, the plaintiff told the dentist that all of his front teeth

hurt. The plaintiff alleges that the dentist told him that the x-rays did not show that, but that he was willing to pull the plaintiff's teeth if he was in pain.

Later on December 4, 2007, the plaintiff wrote a request to dental stating that the visiting dentist wanted to pull his teeth without taking x-rays of his front teeth. The dentist wrote back that the plaintiff had already been seen that day and that he would be called back as soon as possible to take x-rays of the plaintiff's front teeth.

The plaintiff was called back to dental on January 16, 2008. At that time, x-rays were taken of the plaintiff's front teeth. He alleges that the assistant ordered sensitive toothpaste and Schrubbe intercepted the order. The plaintiff asserts that Schrubbe told the inmate complaint examiner that the plaintiff was seen by dental and given an order for sensitive toothpaste and prior to the arrival of the toothpaste another dentist deemed the sensitive toothpaste unnecessary and discontinued the order.

The plaintiff returned to dental on January 28, 2008. At that time, a new dentist took more x-rays and told the plaintiff that he had no cavities or damaged teeth that needed to be pulled. He also told the plaintiff that he could see why he needed the sensitive toothpaste and said he would take care of it. On January 29, 2008, the plaintiff received the medical restriction special need that said the plaintiff could buy and use his own sensitive toothpaste in segregation. On January 30, 2008, the plaintiff received his sensitive toothpaste from his property.

The plaintiff alleges that the defendants were deliberately indifferent to and delayed treatment of his serious dental needs, which caused him pain. He contends

that WCI warden Michael Thurmer intentionally interfered with the treatment the dentist ordered for the plaintiff's sensitive teeth. The plaintiff asserts that WCI HSU Manager Belinda Schrubbe intentionally intercepted the two dental orders and told the plaintiff to buy his own toothpaste from the canteen. The plaintiff also alleges that the visiting dentist working at WCI on December 4, 2007, denied the plaintiff proper dental care. The plaintiff seeks declaratory relief and compensatory and punitive damages.

## ANALYSIS OF PLAINTIFF'S CLAIM

Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). The Court of Appeals for the Seventh Circuit has acknowledged that a dental condition may constitute a serious medical need and, therefore, denial of dental care may violate the Eighth Amendment. *Board v. Farnham*, 394 F.3d 469, 479-80 (7th Cir. 2005).

However, not every "ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997). "A prison's medical staff that refuses

-6-

Case 2:08-cv-00618-WEC   Filed 10/31/08   Page 6 of 9   Document 5

to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue – the sorts of ailments for which many people who are not in prison do not seek medical attention – does not by its refusal violate the Constitution." *Id.* (quoting *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996); *see also Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) (failure to treat a common cold did not constitute deliberate indifference to a serious medical need); *Snipes v. DeTella*, 95 F.3d 586, 591 n.1 (7th Cir. 1996) (a toe whose toenail had been removed did not constitute a serious medical need, although no doubt painful); *Oliver v. Deen*, 77 F.3d 156 (7th Cir. 1996) (a mild case of asthma which was allegedly exacerbated by second-hand tobacco smoke did not rise to the level of seriousness sufficient to support a claim for relief).

It does not appear that the plaintiff's teeth sensitivity rises to the level of a serious dental need, especially since the ultimate "treatment" was simply the provision of over-the-counter sensitive toothpaste. Furthermore, the plaintiff's complaint acknowledges the January 28, 2008 dental finding that he had no cavities or damaged teeth that needed to be pulled. The Seventh Circuit has noted that "a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts ...." *Gutierrez*, 111 F.3d at 1374 (quoting *Jackson v. Marion* County, 66 F.3d 151, 153 (7th Cir. 1995)).

In any event, the plaintiff does not state a claim for deliberate indifference under the Eighth Amendment. The plaintiff's claims stem from whether a dentist would order that he needed sensitive toothpaste in segregation, where prison policy

-7-

did not automatically allow the plaintiff to possess it. The plaintiff alleges that the dentist named as a defendant in this case disagreed with the dentist the plaintiff saw on January 28, 2008, who ordered that the plaintiff could have his toothpaste. The plaintiff asserts he should have been allowed to have his sensitive toothpaste in segregation all along. Disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle*, 429 U.S. at 104-05. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Mere dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient to state a claim under the Eighth Amendment. *Johnson v. Doughty*, 433 F.3d 1001, 1012-13 (7th Cir. 2006).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g);

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account

the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly;

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge